CORCORAN (UNION BANK OF GEORGETOWN v.). See Case No. 14,353.

CORDERY (REYNOLDS v.). See Case No. 11,729.

## Case No. 3,229a.

### The CORDILLERA.

[5 Blatchf. 518.][1]

Circuit Court, S. D. New York. Nov. 19, 1867.

LIABILITY FOR NEGLIGENT SHIPPING OF CARGO.

Where the apparatus by which an article is being hoisted into a vessel from a lighter, and the horses that work it, belong to the vessel or to the stevedores who are engaged in the work, and are in the service of the vessel, the responsibility of the lighterman ceases, as a general rule, when the article is properly placed on the slings and hooked to the tackle,

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

and the duty of the vessel begins with the hoisting of the article.

[Cited in Guerard v. The Lovspring, 42 Fed. 859.]

[Appeal from the district court of the United States for the southern district of New York.]

This was a libel in rem, filed in the district court, against the ship Cordillera, to recover damages for the loss of two tierces of lard, which fell from the slings while they were being hoisted into the ship, by a tackle, from a lighter. The district court decreed for the libellants [case unreported], and the claimants appealed to this court.

Charles Donohue and Oscar Frisble, for libellants.

Robert D. Benedict, for claimants.

NELSON, Circuit Justice. The ship insists that the loss, in this case, occurred by the mismanagement of the lightermen, in putting the tierces into the slings, and, also, in starting the horses which worked the tackle, while they were thus imperfectly slung. The libellants insist, that the loss happened after the tierces had passed into the possession and control of the ship. The case resulted in a difference, both as to the facts and the usage, in hoisting a cargo from the lighter to the ship, between the lightermen and the stevedores, the lightermen insisting that their duty was performed when the tierces were properly placed on the slings and hooked to the tackle, and the stevedores insisting that it was performed only when the tierces reached the railing of the ship and were ready to be taken from the tackle to the deck. The stevedores are in the service of the vessel, which is responsible to the shipper for the damage done by them to his goods in putting them on board. In this case, the apparatus by which the tierces were hoisted from the lighter, including the horses, belonged either to the ship or to the stevedores, which, as I infer from the evidence, is according to the general usage. I am inclined to think, that when, under these circumstances, cargo is to be delivered from the lighter at the side of the ship, the responsibility of the lightermen ceases, as a general rule, when the cargo is properly placed on the slings and hooked to the tackle; and that the duty of the ship begins with the hoisting of it to the deck of the ship. It is then in the possession of the apparatus of the ship, or the stevedores, and under their control and direction.

It is, however, insisted, on the part of the claimants, that, in this particular case, the master of the lighter gave the order to the horses to move before the tierces were properly secured in the slings. But this is disputed, and the evidence is conflicting. The court below charged the ship, and, in my view, the proofs fairly warranted the finding. Decree affirmed.